UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH C. SUSZKO,**

    **Plaintiff,**

v.                                              Case No.: 8:16-cv-2333-T-36AAS

**SPECIALIZED LOAN SERVICING, LLC, et al.,**

    **Defendants.**
_____/

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendant Specialty Loan Servicing, LLC's, Affirmative Defenses 1-10 (Doc. 46)[1] and Defendant Specialized Loan Serving, LLC's Opposition to Plaintiff's Motion to Strike Affirmative Defenses (Doc. 48).

**I.  BACKGROUND**

On August 15, 2016, Plaintiff Joseph C. Suszko ("Plaintiff") filed this action against Defendant Specialty Loan Servicing, LLC ("Specialty Loan"), among other defendants, for alleged unlawful debt collection practices in violation of the Federal Debt Collection Practices Act ("FDCPA"), Florida Consumer Collection Practices Act ("FCCPA"), Fair Credit Reporting Act ("FCRA"), Real Estate Settlement and Procedures Act ("RESPA"), and Truth in Lending Act ("TILA"). (Doc. 1).

On September 9, 2016, Specialty Loan filed a Motion to Dismiss, arguing that Plaintiff

---

[1] It appears that Plaintiff's Motion is not in compliance with Local Rule, Middle District of Florida, which states, in pertinent part, that "all pleadings and other papers tendered by counsel for filing shall be typewritten, *double-spaced*, in at least twelve-point type …" M.D. Fla. 1.05(a) (emphasis added). Future violations of the Local Rules may result in the motion being summarily denied.

1

failed to allege facts to support his claims under FDCPA, FCCPA, FCRA, RESPA, and TILA and that his negligence claim is preempted by FCRA. (Doc. 24). On September 15, 2016, Plaintiff filed an Amended Complaint thereby mooting Specialty Loan's Motion to Dismiss. (Docs. 31, 34). On September 29, 2016, Specialty Loan filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint. (Doc. 38).

On October 13, 2016, Plaintiff filed the instant Motion requesting that the Court strike the following affirmative defenses:

> *First Affirmative Defense:* As its First Affirmative Defense, [Specialty Loan] states that it did not have actual knowledge of attorney representation with respect to debt collection.
>
> *Second Affirmative Defense:* As its Second Affirmative Defense, [Specialty Loan] states that Plaintiff's counsel gave consent to be contacted by [Specialty Loan].
>
> *Third Affirmative Defense:* As its Third Affirmative Defense, [Specialty Loan] states that Plaintiff's counsel failed to respond to correspondence from [Specialty Loan].
>
> *Fourth Affirmative Defense:* As its Fourth Affirmative Defense, [Specialty Loan] states that Plaintiff initiated communication with [Specialty Loan].
>
> *Fifth Affirmative Defense:* As its Fifth Affirmative Defense, [Specialty Loan] states that any communication that was sent to Plaintiff was not an attempt to collect a debt.
>
> *Sixth Affirmative Defense:* As its Sixth Affirmative Defense, [Specialty Loan] states that any communication made to the Plaintiff in derogation of the FCCPA was specifically mandated by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Real Estate Settlement Procedures Act, Truth in Lending Act, and required by the Consumer Financial Protection Bureau.
>
> *Seventh Affirmative Defense:* As its Seventh Affirmative Defense, [Specialty Loan] states that any communication made to the Plaintiff in derogation of the FCCPA was not intentional and resulted from a bona fide error on [Specialty Loan's] part notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.
>
> *Ninth Affirmative Defense:* As its Ninth Affirmative Defense, [Specialty Loan]

states that it is contractually permitted to secure and protect its collateral per the mortgage contract.

*Tenth Affirmative Defense:* As its Tenth Affirmative Defense, [Specialty Loan] states that Plaintiff is judicially estopped from bringing this cause of action because he failed to update his bankruptcy schedule to reflect his pending claims.

(Docs. 46 & 38, pp. 6-7). According to the Motion, Specialty Loan has agreed to withdraw its Eighth Affirmative Defense (Doc. 46, p. 6); therefore, it will not be addressed herein.

On October 28, 2016, Specialty Loan filed its Opposition to Plaintiffs' Motion to Strike Affirmative Defenses. (Doc. 48). Accordingly, this matter is now ripe for judicial review.

## II.   ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that the Court may order "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Fed. R. Civ. P. 12(f). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Harvey v. Home Depot U.S.A., Inc.,* No. 8:05-CV-936-T-24EAJ, 2005 WL 1421170, at *1 (M.D. Fla. June 17, 2005*)* (citing *Scelta v. Delicatessen Support Services, Inc.,* 57 F. Supp. 2d 1327, 1347 (M.D. Fla.1997)).

"An affirmative defense will only be stricken ... if the defense is insufficient as a matter of law." *Microsoft Corp.,* 211 F.R.D. at 683. An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Harvey,* 8:05-cv-936-T-24EAJ, 2005 WL 1421170, at *1. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may

3

survive a motion to strike, particularly when there is no showing of prejudice to the movant. *Id.* (citing *Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla.1995)).

### Specialty Loan's Affirmative Defenses Nos. 1-4

Plaintiff argues Specialty Loan's Affirmative Defenses Nos. 1-4 should be stricken because they lack specificity and factual support. (Doc. 46, pp. 2-3). District courts within the Eleventh Circuit have taken conflicting positions on the issue of how much factual support must be pleaded within affirmative defenses, and the Eleventh Circuit has not yet resolved these conflicting positions. This Court agrees with the courts that do not apply the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses. The persuasive reasoning for this position is "based upon the rationale that there is a difference in the language of Rule 8(a)—which deals with the pleading requirements for complaints—and Rule 8(b) and (c), which deal with the pleading requirements for defenses. *Desilva v. SunTrust Bank,* No. 8:15-cv-1045-T-24TGW, 2015 WL 5638073, at *1 (M.D. Fla. Sept. 23, 2015) (quoting *Smith v. Wal-Mart Stores, Inc.,* No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012).

As explained more specifically by one court:

> Although Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim *showing* that the pleader is entitled to relief," Rules 8(b)(1)(A) and 8(c)(1) only require that a party *states* his defenses. The Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a)(2), which requires a "showing" of entitlement to relief, when it established the plausibility requirement for complaints. Thus, it follows that the plausibility requirement [for complaints] should not apply to affirmative defenses because the language in the rule governing affirmative defenses notably lacks any "showing" requirement. Secondly, requiring affirmative defenses to contain the factual specificity needed to meet a plausibility standard would be unfair to defendants, who lack time to conduct investigations within the twenty-one day period to respond to complaints.

*Id.* (emphasis in original); *see also Woodman v. Bravo Brio Restaurant Group, Inc.,* 6:14-cv-2025-

4

Orl-40TBS, 2015 WL 1836941, at * 1 (M.D. Fla. April 21, 2015).

Here, Specialty Loan's Affirmative Defense No. 1 asserts that Specialty Loan did not have actual knowledge of attorney representation with respect to the debt collection at issue. (Doc. 49, p. 8). The FCCPA prohibits a debt collector from communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt. Fla. Stat. § 559.72(18); *see also Erickson v. General Elec. Co.,* 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012) (actual knowledge of representation by counsel is a necessary element to prove a violation of Fla. Stat. § 559.72(18)). Thus, the Court concludes that this defense adequately places Plaintiff on notice and its inclusion would not prejudice Plaintiff.

Similarly, Specialty Loan's Affirmative Defenses Nos. 2-4 include the defenses of consent, failure to respond, and initiation of communication. (Doc. 38, p. 6). As Plaintiff brought this action for alleged unlawful debt collection practices in violation of the FCCPA and FDCPA, Plaintiff is not prejudiced by Specialty Loan preserving these defenses.

Therefore, the Court concludes that Plaintiff's challenges to Specialty Loan's Affirmative Defenses Nos. 1-4 lack merit and the defenses should stand.

### Specialty Loan's Affirmative Defenses Nos. 5-6

Specialty Loan's Affirmative Defense No. 5 asserts that "any communication that was sent to Plaintiff was not an attempt to collect a debt." (Doc. 38, p. 6). Affirmative Defense No. 6 asserts that "any communication made to the Plaintiff in derogation of the FCCPA was specifically mandated by law by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Real Estate Settlement Procedures Act, Truth in Lending Act, and required by the Consumer Financial Protection Bureau." (*Id.*).

As stated above, Plaintiff brought this action claiming that Specialty Loan engaged in

unlawful debt collections practices in violation of the FCCPA and FDCPA. A predicate for liability under both the FCCPA and the FDCPA is the unlawful attempt to collect a debt. Fla. Stat. § 559.72 (prohibiting enumerated activities taken "[i]n collecting consumer debts"); 15 U.S.C. § 1692(c). In Affirmative Defenses No. 5 and 6, Specialty Loan has reserved its defenses that its communications were not attempts to collect a debt and that any communications were authorized by federal statute, respectively. Thus, the Court concludes that these defenses adequately place Plaintiff on notice and their inclusion does not prejudice Plaintiff.

### Specialty Loan's Affirmative Defense No. 7

Specialty Loan's Affirmative Defense No. 7 asserts that "any communication made to the Plaintiff in derogation of [Specialty Loan] was not intentional and resulted from a bona fide error …" (Doc. 38, p. 6). Bona fide error is a recognized defense in FDCPA and FCCPA actions. *Newman v. Ormond,* 396 Fed. App'x. 636, 642 (11th Cir. 2010) ("The FDCPA provides defendants with a "bona fide error" defense, insulating debt collectors from liability even when they have violated its strict requirements."). As such, this defense is sufficient and should stand.

### Specialty Loan's Affirmative Defense No. 9

Specialty Loan's Affirmative Defense No. 9 asserts that Specialty Loan is "contractually permitted to secure and protect its collateral per the mortgage contract." (Doc. 38, p. 7). In its Amended Complaint, Plaintiff alleges Specialty Loan violated the FDCPA by threatening to take legal action that cannot be taken. (Doc. 30, ¶¶ 43-44). Therefore, the defense of contract authority to take action is sufficient and should stand.

### Specialty Loan's Affirmative Defense No. 10

Specialty Loan's Affirmative Defense No. 10 asserts that "Plaintiff is judicially estopped from bringing this action because he failed to update his bankruptcy schedule to reflect his pending

claims." (Doc. 38, p. 7).  A debtor has a continuing duty in his bankruptcy proceeding to amend his schedule of assets to reflect claims.  *Robinson v. Tyson Foods, Inc.,* 595 F.3d 1269 (11th Cir. 2010).  Failure to timely amend a Chapter 13 reorganization plan to reflect a pending claim while pursing that claim in another court of law constitutes inconsistent positions under oath, and is not permitted.  *Id.*  Therefore, the defense of judicial estoppel is sufficient and should stand.

## IV. CONCLUSION

For the foregoing reasons, Specialty Loan's Affirmative Defenses Nos. 1-7, 9-10, are sufficient and will not confuse the issues, or otherwise prejudice a party.  As Specialty Loan has agreed to withdraw Affirmative Defense No. 8, the request to strike that defense is moot.

According, after due consideration, it is **ORDERED** that:

Plaintiff's Motion to Strike Defendant, Specialty Loan Servicing, LLC's, Affirmative Defenses 1-10 (Doc. 46) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on this 27th day of December, 2016.

AMANDA ARNOLD SANSONE
United States Magistrate Judge