UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH C. SUSZKO,

    Plaintiff,

v.                                        Case No.: 8:16-cv-2333-T-36AAS

SPECIALIZED LOAN SERVICING, LLC,
et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Specialized Loan Servicing, LLC's Motion to Compel Answers to Defendant's Interrogatories and Requests for Production of Documents (Doc. 62), and Plaintiff's response in opposition to the motion (Doc. 65).

**I.    BACKGROUND**

Plaintiff Joseph C. Suszko brought this action against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), the Fair Credit Reporting Act ("FCRA"), the Real Estate Settlement and Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA"). (Doc. 31, Amended Complaint).

Defendant Specialized Loan Servicing, LLC served Interrogatories and Requests for Production of Documents on Plaintiff on February 28, 2017. (Doc. 62, Exs. A, B). Plaintiff failed to respond to Defendant's discovery requests within the time prescribed by the Federal Rules of Civil Procedure. After a number of discussions between the parties, Plaintiff served his answers to Defendant's Interrogatories on April 24, 2017, but did not serve written responses to Defendant's Requests for Production of Documents until June 2, 2017.

On May 22, 2017, Defendant filed the instant motion seeking amended answers to Interrogatory Nos. 6 and 9, as well as complete written responses to its Requests for Production of Documents. (Doc. 62). On June 14, 2017, Plaintiff filed a response in opposition to Defendant's Motion (Doc. 65), after being directed by the Court to do so (Doc. 63). Accordingly, this matter is now ripe for review.

## II.   ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relying on this definition of the scope of proper discovery, the Court will address the discovery requests and responses at issue.

### A.   Defendant's Interrogatories

The following interrogatories are at issue:

**Interrogatory 6:**   With respect to Paragraph 27 of the First Amended Complaint, state the exact factual basis for your denial that you owe late charges on the Account.

**Interrogatory 9:**   With respect to Paragraph 36 of the First Amended Complaint, state the exact factual basis for your assertion that you provided SLS "with proof of timely payments."

2

(Doc. 62, Ex. A). Plaintiff has provided Defendant with two lengthy responses to each of these interrogatories in an attempt to satisfy Plaintiff's counsel. (*See* Doc. 65, pp. 4-7).

As already outlined above, generally, an interrogatory may relate to any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1), 33(a)(2). Otherwise appropriate interrogatories involving "an opinion or contention that relates to fact or the application of law to fact" are not necessarily objectionable. Fed. R. Civ. P. 33(a)(2); *see Hendricks v. Mirabilis Ventures, Inc.*, No. 8:07-CV-661-T-17EAJ, 2008 WL 423566, at *2 (M.D. Fla. Feb. 13, 2008). However, contention interrogatories are to be used sparingly and for the purpose of targeting specific claims that are either unclear or the subject of early resolution. Middle District Discovery (2015) at IV.C.2. As such, "[i]nterrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive." *Id.* Courts may order that such contention interrogatories need not be answered. Fed. R. Civ. P. 33(a)(2); *Bingham v. Baycare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 1546504, at *2 (M.D. Fla. Apr. 15, 2016).

Here, the Court concludes that the interrogatories at issue are improper contention interrogatories and Defendant's motion to compel better responses to these interrogatories is, therefore, denied on that basis.

### B. Defendant's Requests for Production of Documents

After the instant motion to compel was filed, Plaintiff provided Defendant with written responses to each of the discovery requests contained in Defendant's Requests for Production of Documents. (Doc. 65, pp. 2-5). Thus, the motion to compel as to these discovery requests is moot. Although Plaintiff did not object to the discovery requests in his response, the Court notes that Plaintiff has waived any objection to these requests, with the exception of any objections Plaintiff

may have based on privilege. *See* Fed. R. Civ. P. 33(b)(2) (responding party must serve its answers and any objections within 30 days after being served); Fed. R. Civ. P. 34(b)(2) (party to whom discovery is propounded must respond in writing within 30 days after being served and must state with specificity reasons for objection); Middle District Discovery (2015) at III.A.6. ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.").

Reviewing the written responses, it is unclear to the Court whether Plaintiff has finished producing the documents Plaintiff indicates he "will produce." Accordingly, the motion only is granted to the extent that, no later than **July 7, 2017**, Plaintiff is directed to complete production of any documents he has indicated he "will produce." Importantly, upon review of Defendant's Requests for Production of Documents, the Court notes, however, that most of the documents Defendant broadly requested should be in the possession, custody, or control of Defendant itself or another third party. (Doc. 62, Ex. B). Thus, the Court is unpersuaded by Defendant's argument that Plaintiff's delay in providing written responses to the document requests has significantly impeded its ability to defend this action as Plaintiff had provided Defendant responsive documents on April 17th and Defendant has had other inexpensive options for obtaining the remaining documents (including searching its own files and subpoenaing documents, such as the credit reporting agencies' correspondence to Plaintiff, from the third parties).

## III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED:**

Defendant Specialized Loan Servicing, LLC's Motion to Compel Answers to Defendant's Interrogatories and Requests for Production of Documents (Doc. 62) is **GRANTED in part and**

**DENIED in part** as provided in the body of this order.  Each party shall bare their own attorneys' fees and costs incurred in connection with this motion.  *See* Fed. R. Civ. P. 37(a)(5).

**DONE AND ORDERED** in Tampa, Florida on this 27th day of June, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge